Bachman v. Hofman.

---

### Conrad Bachman et al. v. Karl O. Hofman et al.

1. VOLUNTARY ASSOCIATIONS—*Rights of Minority Members in Association Funds.*—The majority members of a voluntary association have no power to divert the funds of the association from its object and purposes against the will of the minority.

**Bill in Chancery.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

CHRISTIAN MEIER, attorney for appellants.

CHARLES HORGAN, attorney for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

In this case, after several preliminary bills had been filed, an amended and supplemental bill was filed by leave of court by Karl O. Hofman, and others, on behalf of themselves and all others of Bella Dona Lodge No. 700. The bill alleges that this lodge was and is a voluntary unincorporated association; Conrad Bachman and Joseph Biehl, and others, were made parties defendant thereto.

Upon the hearing it appeared that prior to November 22, 1899, a majority of the members of Bella Dona Lodge had arranged to withdraw therefrom and form a new lodge, known as Bella Dona Lodge Number 14, of the German-American Federation. That as Bella Dona Lodge of the Knights and Ladies of Honor, with which, prior to November 22d, they were connected, had in its treasury about some $700 in money, a plan was devised for obtaining this money and transferring it to the new lodge to be formed, for the benefit of the persons who might become members of said new lodge.

In accordance with such scheme Conrad Bachman and Joseph Biehl, at a meeting of said Bella Dona Lodge of the Knights and Ladies of Honor, held November 22, 1889, presented the following bills:

" CHICAGO, 11, 22, '99.

To THE OFFICERS AND MEMBERS OF THE BELLA DONA LODGE, 700, KNIGHTS AND LADIES OF HONOR.

MEMBERS: In that I have for nine years been treasurer, and have had running expenses, therefore I hereby submit my bill for nine years' service at $45.00 per annum, making $405.00. Please allow the same.

CONRAD BACHMAN."

Bachman v. Hofman.

" CHICAGO, 11, 22, '99.

To THE OFFICERS AND MEMBERS OF THE BELLA DONA LODGE,
No. 700, KNIGHTS AND LADIES OF HONOR.

MEMBERS: In that for nine and one-half years I have
been special-fund treasurer, and have had much labor and
costs, therefore I hereby submit my bill for nine and a half
years' services at $30.00 per annum, making $285.00, and
pray that you allow said sum.

JOSEPH BIEHL."

And thereupon a motion to pay said bills was put and
carried, and such bills were ordered to be paid. It also
appeared that such action had been for some time contem-
plated and arranged; that at this time, of the funds of the
lodge, $500 was invested in a mortgage; that an arrange-
ment had been made to have said mortgage paid; a check
for $500, very shortly after such meeting of November,
apparently upon the same evening, was given to the lodge,
the money received thereon, and turned over to the treas-
urer, who, after the payment to him of this $500, and before
these bills were paid, had in his hands, as treasurer, the sum
of $684.39.

In accordance with the order of the lodge the sum of
$405 was paid to Bachman, and the sum of $279.39 to
Biehl. It also appeared that in November, 1899, the lodge
had 108 members; that the greater portion—eighty-four
members—of the Bella Dona Lodge did not pay the No-
vember or December, 1899, assessment, and united with
Bella Dona Lodge, No. 14, German-American Federation.

Thereafter Joseph Biehl, as he says, loaned Bella Dona
Lodge No. 14 of the German-American Federation, $278.39,
and Conrad Bachman loaned the same lodge $303.43, at a
time when he says such lodge was indebted to him in over
$100 for several small bills, to buy charter, etc. The sums
of money thus loaned by Bachman and Biehl amount to
$681.82, very nearly equaling the funds possessed by Bella
Dona Lodge of the Knights and Ladies of Honor before
the payment to Bachman and Biehl. The court found " that
the sum of $684.39 in the treasury of Bella Dona Lodge
of the Knights and Ladies of Honor was a general fund

for purposes in connection with the objects of the lodge
and order." That it was the intention of Bachman, Biehl,
Kominsky, Grepling and Sievert to divert the sum of
$684.39 to another lodge; and ordered that the defendants
Conrad Bachman, Joseph Biehl, Ferdinand Kominski, Otto
Grepling and Fritz John Sievert pay to the financial secre-
tary of Bella Dona Lodge No. 700, the sum of $684.39.

Counsel for appellant in his brief says:

" We are aware that this suit was instituted on the theory,
and the decree of the court no doubt was rendered on the
same theory, that the defendants Bachman and Biehl ren-
dered their bills for the purpose of depleting the treasury
of Bella Dona Lodge and using the money for the purpose
of organizing a new society. But such a theory, in our
opinion, should not enter into the consideration of this case;
for what was done 'with the money, or for what it was
intended, makes no difference, so long as the voting of it
was proper and legal, and this we contend was the case in
this matter."

If the sums ordered to be paid to Bachman and Biehl
were justly due them, a majority of the lodge could prop-
erly order such payment to be made, and that action upon
the part of the lodge would bind all members thereto.
The funds of a lodge or association of individuals may in
good faith be applied to any purpose for which the order
exists and in accordance with the object for which the fund
was created. Belonging, as the funds of such an organi-
zation do, to all the members, they can not by a mere
majority, however large, be applied to a purpose foreign to
that for which the order exists or the fund was created.

The question presented in this case is not whether the
lodge was indebted to Bachman and Biehl to the amounts
respectively ordered to be paid to them, but was the action
of the lodge in ordering the payment it did, made in good
faith, for the purpose of discharging an obligation of the
lodge and with a view to promote its interests by satisfying
a debt, or was this action with a view, by a subterfuge, to
withdraw the funds of the lodge and place them in another
organization for the benefit of such persons as might
become members thereof. If the action of the lodge was

Bachman v. Hofman.

not in good faith for the benefit of all the members of the organization, but was intended to be for the benefit of such persons as might see fit to become members of another organization, then this action was unwarranted, not binding, and the parties who received the money under such circumstances, knowing of such purpose and intent, may be compelled by a court of equity to restore that which they have inequitably received; all the parties participating in such inequitable and unlawful proceeding will be, by a court of equity, held responsible to a lodge thus defrauded, for all that by such means was obtained therefrom.

The court in this proceeding will not scan closely to determine whether the amounts respectively ordered to be paid to Bachman and Biehl were actually due to them. The action of a lodge in such a case, if made in good faith, will undoubtedly have great weight in determining as to whether such amounts honestly claimed and honestly ordered paid, were actually due, but in the present case it appears that the order of payment was made, not for the benefit of the lodge to which the money belonged, but for the benefit of another organization thereafter to be created, or such persons as might become members thereof. Such purpose was entirely foreign to Bella Dona Lodge of the Knights and Ladies of Honor, and one for which its funds could not be appropriated as against the wish of one of its members.

The proceeding in this case was not an attempt to divide equally among the members of the old organization such funds as it had, but to apply them to the purpose of another organization, and to place them in a position where none of the members of the lodge to which these funds belonged could have any benefit therefrom, unless they became members of the new organization.

The principles applicable to the use, care, transfer and payment of the property of an organization of this kind are well stated in Gorman v. O'Connor, 155 Pa. State, 239; Abels v. McKeen, 18 N. J. Eq. 462; Bacon on Benefit Societies, 2d Ed., Sec. 65; McFadden v. Murphy, 21 N. E. Rep. 868.

The decree of the Superior Court is affirmed.